# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 4, 2005 Session

# SHIRLEY RUSSELL, PH.D., ET AL. v. MEHARRY MEDICAL COLLEGE

**Appeal from the Chancery Court for Davidson County**
**No. 03-2727-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M2004-01049-COA-R3-CV - Filed September 13, 2005**

---

PATRICIA J. COTTRELL, J. concurring.

Although I agree with the result reached by the majority, I disagree as to the rights Dr. Russell had with regard to notice of non-renewal.

The appointment or employment process involved two agreements: the Faculty Appointment Agreement and the Faculty Compensation Agreement. Dr. Russell and Meharry entered into a Faculty Appointment Agreement for the July 1, 2002 - June 30, 2003 period that identified the type of appointment as Tenure Track and that stated it was specifically subject to Personnel Policies "as amended by the Board of Trustees" and the school's Policy on Appointment, Promotion and Tenure.

At the time that agreement was signed, the applicable APT (1984 version) provided that a faculty member was to be advised of the time when decisions affecting renewal (of appointments) are ordinarily made and given the opportunity to submit materials relevant to that decision. According to affidavits filed by Dr. Russell, faculty evaluations were typically done in February or March, so that notice that an appointment was not going to be renewed would be given more than one year in advance.

The 2002 APT requires that faculty members being terminated for other than adequate cause be given notice of non-renewal of "no less than six months."

The 2002-03 Appointment Agreement did not specifically incorporate the Faculty Handbook. However, the Handbook in effect at the applicable time provided "The contractual policies of the Handbook form a legal and binding agreement between the faculty and administrative officials of Meharry Medical College." In pertinent part, the Handbook addressed contractual tenure track appointments:

> If tenure is not acquired by the maximum time outlined above, the department head
> may recommend that the faculty member receive (1) a one-year, non-tenure track

appointment that may be renewed an unlimited number of times; or (2) a notice of termination.

According to affidavits supplied by Dr. Russell, prior to the events in June of 2003, Meharry's appointment agreements were no shorter than twelve months.

Based on the language of the relevant policies and handbook provisions, it appears that Meharry did not give Dr. Russell adequate notice that her 2002-2003 appointment would not be renewed.[1] Even if the 2002 APT became effective immediately upon its adoption and even if it could be interpreted as modifying the 2002-2003 Faculty Appointment Agreement between Dr. Russell and Meharry, she was at least entitled to six months notice that her one-year appointment was not being renewed. Meharry was required to provide that notice six months prior to the expiration (on June 30, 2003) of that appointment agreement, or by January 1, 2003. Meharry did not provide that notice, so Dr. Russell was legally entitled to renewal of her existing appointment; *i.e.*, another one year appointment from July 1, 2003 to June 30, 2004.

The question is whether she waived the right to renewal of her existing one-year appointment[2] by executing the July 1, 2003 agreement for a six month appointment. Because the six-month agreement Dr. Russell signed in July of 2003 very clearly stated it was for six months, I reluctantly agree that Dr. Russell waived any right she had to renewal for one year.

_____
PATRICIA J. COTTRELL, JUDGE

---

[1] Although reconciliation of some of the language of the agreements with the policies is difficult, there are valid reasons for a lengthy notice period for non-renewal of faculty appointments, and in higher-education circles such provisions are routine. Both the faculty member and the school have an interest in sufficient notice to allow them to either find other academic-year appointments or to hire other faculty on an academic-year basis.

[2] The real question is whether she waived her entitlement to twelve months of salary.